ORDERED in the Southern District of Florida on December 6, 2006



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

Rochelle Knowles Ayala

    Debtor.
_____/

Case No. 05-24437-BKC-JKO

Chapter 13

## ORDER DENYING MOTION FOR STAY PENDING APPEAL

This case comes before the Court on Appellant Terrance Ayala's Motion (the "Motion") to Stay Bankruptcy Proceedings [CP 163] filed on November 27, 2006, at 11:32 a.m. In it, Mr. Ayala seeks entry of "an order staying the proceedings in this case" pending resolution of an appeal now pending before the District Court from my order entered April 26, 2006 [CP 86][1] denying Mr. Ayala's motion seeking a finding that Michelle Cummings and her law firm, Ruden McCloskey et al., were in civil contempt.

---

[1] Mr. Ayala refers to this order in the Motion as the "Vacated Order," a somewhat confusing misnomer. In fact, the April 26 order vacated a prior order which I had entered on February 22, 2006, CP 40.

-1-

The procedural history of the pleadings and orders involving Mr. Ayala's disputes with his ex-wife's lawyers is confusing and involves (a) Mr. Ayala's claims asserted in his ex-wife's bankruptcy, including Ruden McCloskey's objection to those claims, (b) Ruden McCloskey's claims asserted in the bankruptcy, and Mr. Ayala's objection to those claims; and (c) efforts by Mr. Ayala to have Ruden McCloskey held in contempt of court. The various threads overlap chronologically. In an attempt at clarity, the chronology of relevant docket entries is as follows, omitting some docket entries which are briefs and ancillary pleadings which do not seem relevant to the relief now sought by Mr. Ayala in the pending Motion [CP 163]:

1. CP 28, January 26, 2006 – Mr. Ayala's motion seeking a determination that Ms. Cummings and Ruden McCloskey were in civil contempt.

2. CP 34, February 6, 2006 – Debtor Rochelle Knowles Ayala's objection to Claim #2 filed by Mr. Ayala. Sought to have claim filed as a priority child support claim treated as a general unsecured claim. (Note that, consistent with general practice, notice of this objection was given only to Ms. Ayala, Mr. Ayala, the Office of the United States Trustee, and the standing chapter 13 trustee. Notice was not given to other parties in interest in the case, and was specifically not given to Ruden McCloskey).

3. CP 40, February 22, 2006 – order denying CP 28.

4. CP 52, March 6, 2006 – Ruden McCloskey's motion to vacate CP 40 as having been inadvertently entered. Scheduled for hearing April 24 by CP 75.

5. CP 67, April 3, 2006 – objection filed by Mr. Ayala[2] to Claim #6 filed by Ruden McCloskey. Scheduled for hearing May 8 by CP 72.

6. CP 68, April 7, 2006 – order sustaining Debtor Ms. Ayala's objection [CP 34] to claim of Mr. Ayala. Claim allowed as a general unsecured claim.

7. CP 70, April 7, 2006 – objection filed by Mr. Ayala to CP 40; treated as a motion for reconsideration. Scheduled for hearing May 8, 2006 by CP 73; rescheduled for hearing April 24 by CP 79.

---

[2]The court's docket erroneously states that the objection was filed by the Debtor, Mr. Ayala's ex-wife. It was not and was instead filed by Mr. Ayala.

8. CP 86, April 26, 2006 – order vacating CP 28, granting relief sought by Ruden McCloskey in CP 52, and denying contempt relief sought by Mr. Ayala in CP 28. **This is the order currently on appeal before Judge Gold in USDC Case No. 06-60799.**

9. CP 88, May 4, 2006 – motion by Ruden McCloskey seeking reconsideration of CP 68 and, on reconsideration, disallowance of any claim by Mr. Ayala in his ex-wife's bankruptcy. Hearing scheduled for June 12 by CP 91; rescheduled to June 19 by CP 114.

10. CP 95, May 9, 2006 – Mr. Ayala's notice of appeal from CP 86.

11. CP 98, May 11, 2006 – order dismissing appeal taken by CP 95 as untimely under Rule 8002, as calculated pursuant to Rule 9006(a).

12. CP 104, May 22, 2006 – motion by Mr. Ayala seeking to vacate order dismissing his appeal, CP 98, alleging excusable neglect. Set for hearing June 19 by CP 111.

13. CP 118, June 21, 2006 – order denying Mr. Ayala's motion to vacate, CP 104.

14. CP 122 and 123,[3] June 28, 2006 – order granting Ruden McCloskey's motion for reconsideration of Mr. Ayala's claim, CP 88, and setting the claim objection for a full day evidentiary hearing on August 31, 2006, and setting various intermediate procedural deadlines.

15. CP 128, July 12, 2006 – motion by Ruden McCloskey seeking an order compelling Mr. Ayala to return any chapter 13 plan distribution received by him pending the evidentiary hearing on Mr. Ayala's claim. Scheduled for hearing August 7 by CP 129, rescheduled to August 14 by CP 133.

16. CP 136, August 16, 2006 – order granting relief sought by CP 128, directing Mr. Ayala to return $2,062.87 in distributions paid to him by chapter 13 Trustee within 10 days of the order.

17. CP 141, September 6, 2006 – motion by Mr. Ayala, bearing a service date of August 28, 2006, demanding a "trial by jury with regard to all issues of fact to be determined in connection with the pending objection to his claim in the present case, as well as factual issues pertaining to the claim of Ruden McClosky [sic], and/or his objection to that claim."

18. CP 144, September 7, 2006 – order after trial on August 31 disallowing in full Mr. Ayala's Claim #2 against his ex-wife's bankruptcy estate.

---

[3]Under the bankruptcy court's CM/ECF system, certain motions and orders may be docketed more than once if CM/ECF protocols contemplate that the paper is properly characterized in multiple ways.

19.     CP 147, September 15, 2006 – notice of appeal by Mr. Ayala from order CP 144 disallowing his Claim #2.

20.     CP 152, September 28, 2006 – notice of appeal deficiency issued by clerk of the bankruptcy court.

21.     CP 154, October 2, 2006 – withdrawal by clerk of CP 152.

22.     CP 156, October 10, 2006 – order dismissing appeal [CP 147] for failure to timely file designation of record on appeal or statement of issues on appeal, pursuant to Bankruptcy Rule 8006 and District Court Local Rule 87.4(B).

23.     CP 159, October 17, 2006 – notice of change of address by Mr. Ayala, advising the court that his address had changed from Gainesville to Fort Lauderdale.

24.     CP 160, October 17, 2006 – motion by Mr. Ayala seeking reconsideration "of this court's order dated May 10, 2006," but presumably referring to CP 156, entered October 10, 2006, disallowing his Claim #2 in full. Scheduled for hearing November 27 by CP 161.

25.     CP 163, November 27, 2006 – the Motion for stay pending appeal under consideration in this order.

26.     CP 164, November 28, 2006 – order denying CP 160, which sought reconsideration of CP 156, the order dismissing Mr. Ayala's appeal from the order, CP 144, disallowing his Claim #2.

27.     CP 165, November 28, 2006 – order by District Judge Gold in Case No. 06-60799, granting review of CP 98, my order dismissing Mr. Ayala's appeal as untimely, and reversing CP 98.

28.     CP 168, December 4, 2006 – order by District Judge Gold in Case No. 06-60799, vacating CP 165.

Mr Ayala's Motion for stay pending appeal, CP 163, was filed on November 27, 2006 at 11:32 a.m., shortly *after* the hearing I conducted that morning, which led to CP 164, the order denying reconsideration of my order, CP 144, disallowing his Claim #2 in full. Mr. Ayala notes in the Motion for stay pending appeal that Judge Gold's order of November 16, 2006, entered in Case No. 06-60799, had granted him leave to appeal from my order dismissing his appeal, CP 86, which, as noted in footnote 1 above, he gives the confusing misnomer the "Vacated Order."

The Motion for stay pending appeal then recites, in paragraph 2, the following:

> 2. Since it entered the Vacated Order, this Court has entertained several motions which are implicated by the appeal. Those motions pertain to the dispute between Appellant [Mr. Ayala] and Appellees [Ruden McCloskey et al.]. More particularly, certain motions deal with Appellee's preferential payments, Appellee's failure to report such payments, Appellee's claim, and Appellee's standing to challenge Appellant's claim. One such motion is Appellant's Motion for Reconsideration of Dismissal, or in the alternative for an Enlargement of Time within which to File Designation of Record." This Court is scheduled to hear arguments on the latter motion of November 27, 2006.

As noted above, I held a hearing on Mr. Ayala's motion for reconsideration, CP 160, and ruled at the hearing that the motion should be denied. It was after the announcement of that ruling that Mr. Ayala filed the current Motion for stay pending appeal, CP 163; I was unaware of the existence of CP 163 prior to the entry of CP 164, the order denying the motion for reconsideration, CP 160.

The history of the last 10 months of disputes between Mr. Ayala and Ruden McCloskey as outlined above is remarkably complex. The high spots are these:

(1) I denied Mr. Ayala's motion to hold Ruden McCloskey in contempt. That issue is the substance of the appeal before the District Court in Case No. 06-60799.

(2) I ordered Mr. Ayala to return to the chapter 13 Trustee $2,082.67 paid to him as an interim distribution under the Debtor's chapter 13 plan. To my knowledge, he has not done so. No appeal was taken from that order, CP 136, and no order has been sought by any party in interest seeking enforcement of that order.

(3) I disallowed Mr. Ayala's claim in its entirety after an evidentiary hearing on August 31, 2006, by CP 144. Although Mr. Ayala timely filed a notice of appeal, he did not timely file a designation of record on appeal or statement of issues on appeal, and I dismissed his appeal on procedural grounds on November 28, 2006, by CP 164.

In the Wherefore clause in his Motion for stay pending appeal, Mr. Ayala "respectfully requests that this Court enter an order staying the proceedings pertaining to the claims of Appellant and Appellees pending a final determination of the matters on appeal before the District Court." The difficulty I have with this polite request is that the only issue before the District Court in Case No. 06-60799 pertains to my determination that Ruden McCloskey et al. were not in contempt of the bankruptcy court. I do not have any matters before me that relate to the question of Ruden McCloskey's contempt *vel non*.

I do have matters relating to Mr. Ayala's Claim #2, which I have disallowed in full, and the appeal from which disallowance I have dismissed on procedural grounds. I may also have issues relating to the $2,000 paid to Mr. Ayala which I have ordered him to return. Insofar as I am aware, I do not currently have any issues before me relating to Ruden McCloskey's claims against the Debtor's estate (or Mr. Ayala's objections thereto). However, none of the matters discussed in this paragraph are implicated in the issues before the District Court in Case No. 06-60799. That case deals with whether Ruden McCloskey was in contempt of this court – period. Mr. Ayala may sweep all disputes between himself and Ruden McCloskey into a single category, but I see no legal justification for doing so. Each of the issues stands on its own, and I will not stay any proceedings which now are or which may be brought in this case which are not directly related to the contempt issues raised in Case No. 06-60799.

Motions for stays pending appeal are governed by Bankruptcy Rule 8005. A stay pending appeal must first be sought in the bankruptcy court. Stays come in two categories. The first are automatic stays of proceedings to enforce judgments, under Bankruptcy Rule 7062, which expressly applies Fed.R.Civ.P. 62 in adversary proceedings. Since none of the issues between Mr. Ayala and

Ruden McCloskey arise in the context of an adversary proceeding, Rule 62 issues have no application here.

The other category of stays under Rule 8005 are discretionary stays, where the applicable standard is that used in determining whether to grant a preliminary injunction under Rule 65: (1) the likelihood that the party seeking the stay will prevail on the merits; (2) whether the movant would suffer irreparable injury if the stay is not granted; (3) whether the other parties would suffer substantial harm if the stay is granted; and (4) whether the public interest would be harmed if the stay is granted. *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986); *see* 10 Collier on Bankruptcy ¶ 8005.07 [15th ed. rev.]. Although a bond may be required, there is no automatic right to a stay upon the posting of a supersedeas bond.

As with preliminary injunctions, the relative weight to be given to each of these four factors varies with the circumstances. Here, the most significant question is the first: Is Mr. Ayala likely to succeed on the merits of his appeal from my order finding that Ruden McCloskey was not in contempt? I think it highly unlikely that he will.

The substance of Mr. Ayala's claim that Ruden McCloskey was in contempt of the bankruptcy court is that Ruden, while acting as Mrs. Ayala's divorce counsel, followed instructions by the Family Court to prepare documents so that Mr. Ayala's and the Debtor/ex-wife's retirement funds (which the Family Court had found to be marital property) would be reduced to cash and disbursed in accordance with the state court's orders. With knowledge of Mrs. Ayala's bankruptcy case, the Family Court determined that the automatic stay imposed by 11 U.S.C. § 362(a) did not apply, overruled Mr. Ayala's objection, and awarded Ruden McCloskey fees – which are payable from Mr. Ayala's remainder interest in his federal retirement funds.

The purpose of the automatic stay under § 362 is to relieve the debtor from financial pressure during her case, and to provide protection from creditor action. *Carver v. Carver,* 954 F.2d 1573 (11th Cir.), *cert. denied,* 506 U.S. 986 (1992). It is well settled law that a state court of general jurisdiction is authorized to determine the reach and extent of the automatic stay. *Erti v. Paine Webber Jackson & Curtis, Inc.,* 765 F.2d 343, 347 (2nd Cir. 1985); *In re Cummings,* 201 B.R. 586 (S.D. Fla. 1996); *In re Glass,* 240 B.R. 782 (Bankr. M.D. Fla. 1999).

In this case, the state court entered an order on September 22, 2005, which directed Mr. Ayala to pay Ruden McCloskey $5,285 from the sale of his 403B Thrift Savings Plan. The court ruled in relevant part:

> On September 14, 2005, this Court determined that the automatic stay, 11 U.S.C. Section 362 regarding Mother's [Debtor's] bankruptcy case does not apply to the specified proceeds, the subject of this Order, because the source of the payments is the Father's [Mr. Ayala's] exempt property. The Court's agreed notice of hearing affording the Father additional time to prepare after his counsel withdrew September 14, 2005, the original date of the hearing, confirms that this matter is an exception to the bankruptcy stay.

Once the state court made a determination that the automatic stay did not apply, the *Rooker-Feldman* doctrine provides that it would be improper for a federal court to revisit the question. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

Moreover, the Eleventh Circuit has generally cautioned both bankruptcy courts and district courts to "tread very carefully" when asked to impose sanctions for violation of the automatic stay in matters "where the actions underlying the violation involve alimony, maintenance, or support." *In re Carver,* 954 F.2d 1573, 1575 (11th Cir. 1992).

If I had been confronted in the first instance by a request from Mr. Ayala to find that Ruden McCloskey was in contempt for following the state court's orders in this context, I would have denied the requested relief, since the actions taken in no way adversely affected the Debtor, her property, or property of the estate. Since the relief had in fact already been sought and denied by the state court – a court of competent jurisdiction over the question relating to the scope of the automatic stay – I was barred by *Rooker-Feldman* from even considering the question, although I take comfort from the fact that the state court got it right. In this context, I conclude that Mr. Ayala's likelihood of success on the merits of his appeal is nil. For that reason, I deny the Motion for stay pending appeal.

Based upon the foregoing, it is ORDERED that the Motion for stay pending appeal, CP 163, is DENIED.

###

Copies provided to:

Terrance C. Ayala, by mail

Robin Weiner, Chapter 13 Trustee, by CM/ECF

Office of the United States Trustee, by CM/ECF

Thomas Messana and Scott Underwood, by CM/ECF